WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
KATHERINE M. MCCRAY (243500)
JORDAN R. TURNER (318759)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rwofford@wilsonturnerkosmo.com
E-mail: kmccray@wilsonturnerkosmo.com
E-mail: jturner@wilsonturnerkosmo.com

Attorneys for Defendant
CBS BROADCASTING INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CBS BROADCASTING, INC., a New York Corporation, MITCHELL SPACONE, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:20-cv-10370<br><br>**DEFENDANT CBS BROADCASTING INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. § 1332(a), 1441, and 1446]**<br><br>Complaint Filed: October 8, 2020<br>Action Removed: November 12, 2020 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant CBS Broadcasting Inc. (improperly sued as "CBS Broadcasting, Inc.") ("CBS") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California – Western Division. This Court has original subject matter jurisdiction over the lawsuit filed by Plaintiff David Walker ("Plaintiff") pursuant to 28 U.S.C. section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly,

removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446. CBS sets forth the following in support of its Notice of Removal of Action:

## I. BACKGROUND.

1. On October 8, 2020, Plaintiff David Walker ("Plaintiff") commenced an action in the Superior Court for the State of California, County of Los Angeles, entitled *David Walker v. CBS Broadcasting Inc., et al.*, Case No. 20STCV38774, by the filing of a Complaint.

2. The Complaint alleges the following causes of action: (1) Disability Discrimination in Violation of Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a); (2) Disability Discrimination in Violation of FEHA – Failure to Provide Reasonable Accommodation, California Government Code§ 12940(m); (3) Disability Discrimination in Violation of FEHA – Failure to Engage in the Interactive Process, California Government Code §12940(n); (4) Age Discrimination in Violation of FEHA, California Government Code § 12940(a); (5) California Family Rights Act Violation, California Government Code § 12945.2; (6) Retaliation Based on Government Code §§ 12940(h) and 12945(l); (7) Wrongful Termination in Violation of Public Policy; (8) Failure to Prevent Discrimination and Retaliation in Violation of Government Code § 12940(k); and (9) Disability and Age Harassment in Violation of FEHA, California Government Code § 12940(j)(1). A true and correct copy of the Summons issued in this matter is attached hereto as **Exhibit A.** A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

3. Plaintiff personally served CBS through its registered agent for service of process with the Summons and Complaint on October 14, 2020. Proof of Service of the Summons and Complaint has not yet been filed in the state court docket; however, a true and correct copy of the Notice of Service of Process received by CBS from its Agent for Service of Process is attached hereto, along with all other process, pleadings, and orders served upon CBS as **Exhibit C**.

///

4. On information and belief, as of the date of filing this Notice of Removal, Defendant Mitchell Spacone has not been served with the Summons and Complaint.

5. CBS removes this action to this Court on the grounds that this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, because this action is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five thousand Dollars ($75,000.00), exclusive of interest and costs. Therefore, the case may be removed to this Court by CBS pursuant to the provisions of 28 U.S.C. § 1441.

## II. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND THE PROPERLY JOINED DEFENDANT.

### A. Plaintiff Is A Citizen of California.

6. At the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. Plaintiff alleges he resides in Los Angeles, California. (Exhibit B, ¶ 4.) Plaintiff's residence is *prima facie* evidence that he is domiciled in California for purposes of diversity. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *9-10 (E.D. Cal. Mar. 18, 2008); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

### B. Defendant CBS Broadcasting Inc. Is Not A Citizen Of California.

7. CBS Broadcasting Inc. is not – and was not at any relevant time – a citizen of the state of California. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CBS Broadcasting Inc. is, and at all relevant times was, a corporation duly organized in the State of New York, with its corporate headquarters and principal place of business located at 51 West 52nd Street, New York, New York. (Declaration of Erika Grant in Support of Defendant CBS Broadcasting Inc.'s Notice of Removal of Civil Action ("Grant Decl."), ¶ 2.)

### C. The Citizenship of the Doe Defendants Should Be Disregarded.

8. The Complaint names Does 1-20 as defendants. (Exhibit B, ¶ 8.) Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the Doe defendants is disregarded for purposes of removal.

### D. Defendant Spacone's Citizenship Should Be Ignored, Because There Is No Possibility Plaintiff Can State A Claim Against Him.

9. The Complaint names Mitchell Spacone, Plaintiff's former supervisor, as an individual defendant, though he has not yet been served with the Summons and Complaint. (Exhibit B, ¶ 6.) The Complaint does not allege Mr. Spacone's citizenship. However, even if Mr. Spacone is a citizen of California, his citizenship must be disregarded for purposes of determining jurisdiction under 28 U.S.C. section 1332 and 28 U.S.C. section 1441 because he is a "sham" defendant, joined solely for the purpose of avoiding diversity jurisdiction.

#### 1. The Court Should Ignore the Citizenship Of A Defendant Against Whom Plaintiff Cannot State A Claim.

10. "A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was 'fraudulent' or a 'sham.'" *Ramirez v. Little Caesars Enterprises, Inc*., No. 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *2 (C.D. Cal. Nov. 2, 2018), citing *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art," *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), and "does not connote any intent to deceive on the part of plaintiffs or their counsel," *Ramirez*, 2018 WL 5816107, at *2. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339 (finding individual managers to be sham defendants as to employee's claims for wrongful termination and intentional infliction of emotional distress). Fraudulent joinder is established if a defendant shows that an "individual joined in the action

cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

**2. Plaintiff Cannot State A Claim For Harassment Against Spacone Because The Only Alleged Action Is Personnel Management Conduct.**

11. Here, Mr. Spacone has been fraudulently joined because Plaintiff cannot establish a cause of action against him. Plaintiff asserts a single cause of action against Mr. Spacone: Plaintiff's Ninth Cause of Action alleges Mr. Spacone engaged in unlawful harassment in violation of the California Fair Employment Act ("FEHA") on the basis of disability and age. (Exhibit B, ¶¶ 63-68.) Notably, Mr. Spacone was Plaintiff's supervisor for only a short period during the time relevant to the claims in the Compliant. The potentially relevant period ranges from August 26, 2019, when Plaintiff was allegedly denied requested time off work, to May 1, 2020, when Plaintiff's employment was terminated. (Exhibit B, ¶¶ 12-14.) However, Mr. Spacone resigned his employment with CBS effective November 2, 2019. (Grant Decl., ¶ 7.)[1] Therefore, Mr. Spacone was Plaintiff's supervisor for only two months of the potentially relevant period, and was not involved in any alleged actions or events that took place after November 2, 2019, including Plaintiff's leave of absence and the termination of his employment. (Exhibit B, ¶ 14.)

12. Indeed, the Ninth Cause of Action alleges only a single action by Mr. Spacone in support of the harassment claim: in response to Plaintiff's request for time off work, Mr. Spacone allegedly gave Plaintiff incorrect information about CBS' policy regarding advance notice for such requests. Plaintiff cites one additional fact in support of his allegation of harassment, which is not attributed to Mr. Spacone – that Plaintiff received a disciplinary write-up that he perceived to be retaliatory.

---

[1] "In order to determine if a defendant is properly joined, the Court may consider extrinsic facts 'showing the joinder to be fraudulent.'" *Pineda v. Abbott Laboratories, Inc.*, No. 2:18-CV-03395-SVW-RAO, 2018 WL 3487111, at *2 (C.D. Cal. July 18, 2018), *aff'd*, No. 19-55019, 2020 WL 6146436 (9th Cir. Oct. 20, 2020), citing *McCabe*, 811 F.2d at 1339.

13. However, neither Mr. Spacone's response to Plaintiff's request for time off nor a disciplinary write up (which is not even attributed to Mr. Spacone) can support a FEHA harassment claim against Mr. Spacone as a matter of law. The elements of a FEHA harassment claim based on age or disability are: "(1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome harassment; (3) the harassment was based on [age or disability]; (4) the harassment complained of was sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; and (5) respondeat superior." *Lurie v. Konica Minolta Business Solutions U.S.A.*, No. 16-cv-00787RGK-JCX, 2016 WL 1408056, at *3 (C.D. Cal. Apr. 11, 2016) (citation omitted) (finding defendant fraudulently joined because Plaintiff could not state claim for harassment).

14. California law draws a strict line between claims for discrimination, failure to accommodate disabilities, and retaliation (which can only be asserted against employers) and claims for harassment (which *may* be asserted against individual employees). See *Ramirez*, 2018 WL 5816107, at *6 (quoting Cal. Gov. Code §§ 12941, 12940). Notably,

> commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment.

*Ramirez*, 2018 WL 5816107 at *6, citing *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 64-65 (1996). Instead, these actions, which are "of a type necessary to carry out the duties of business and personnel management," may be relevant to a discrimination claim against the employer, but do not support a claim for harassment against an individual. *Id*. *See also Reno v. Baird*, 18 Cal. 4th 640, 647 (1998) (basic supervisory functions "do not come within the meaning of harassment"). "Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to busines and personnel management." *Ramirez*, 2018 WL

5816107 at *6. A harassment claim must typically allege the manager acted "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken*, 46 Cal. App. 4th at 63.

15. The only factual allegations cited in Plaintiff's Ninth Cause of Action for harassment are classic personnel management activities. A response to a request for accommodation and a request for advance notice of future time off (and even a disciplinary write-up, which is not specifically attributed to Mr. Spacone) "are the kinds of 'commonly necessary personnel management actions' that may give rise to a claim against an employer for employment discrimination, but that do not ordinarily give rise to a claim against another employee for harassment." *Ramirez*, 2018 WL 5816107 at *6 (response to request for accommodation is personnel management action); *see also Pineda*, 2018 WL 3487111, at *2–3 (issuing undeserved negative performance evaluations and providing information used to issue a performance improvement plan were "commonly necessary personnel management actions" that do not give rise to claim against employee for harassment). While the California Supreme Court has held that an official employment action might have the secondary effect of communicating a hostile message "when the actions establish a widespread pattern of bias," Mr. Spacone's only alleged action here – allegedly misstating company policy regarding requests for time off, cannot as a matter of law "establish a widespread pattern" of activity, and it certainly does not demonstrate any "bias." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708-709 (2009).

16. In similar cases, courts in this district repeatedly have found individual defendants to be fraudulently joined when alleged claims for FEHA harassment were supported only by actions that constituted personnel managerial actions. *See, e.g., Ramirez*, 2018 WL 5816107 at *7 (finding individual defendant fraudulently joined because allegations supporting harassment claim were "routine personnel management activities"); *Pineda*, 2018 WL 3487111, at *2–3 (finding individual defendant

fraudulently joined when alleged action – issuing undeserved negative performance evaluations and providing information used to issue performance improvement plan – were personnel management actions could not support harassment claim); *Robinson v. PPG Industries, Inc.*, No. 2:19-CV-04033-ODWRAOX, 2019 WL 5258573, at *4 (C.D. Cal. Oct. 17, 2019) (finding individual defendant fraudulently joined because alleged action – deciding not to hire plaintiff – was personnel management activity that could not support harassment claim); *Wexler v. Jensen Pharmaceuticals, Inc.*, No. CV-1503518-ABA-JWX, 2015 WL 6159101, at *6 (C.D. Cal. Oct. 20, 2015) (finding individual defendant fraudulently joined because alleged actions – including issuing a corrective action plan and critiquing Plaintiff's performance – were routine personnel management activities that could not support claim for harassment).

17. Courts have gone so far as to note that:

> honoring the discrimination-harassment distinction has important consequences where, as here, it appears that a plaintiff has haled [a] non-diverse individual defendant[] into court based on unviable state law claims, simply to secure a state court forum. Threatening an individual with liability that should properly attach to his employer because it is based on employment-related activity subverts the logic of FEHA. Plaintiffs who engage in such tactics should not be rewarded with their preferred forum.

*Ramirez*, 2018 WL 5816107, at *7; *see also Wexler*, 2015 WL 6159101, at *6 (C.D. Cal. Oct. 20, 2015) (same); *Pineda*, 2018 WL 3487111, at *3 (same).

**3. Even If Other Allegations In The Complaint Are Considered, Plaintiff Cannot State A Claim For Harassment Because There Is No Severe Or Pervasive Conduct.**

18. Even if the Court looks outside the Ninth Cause of Action, the only other allegation specific to Mr. Spacone is that he allegedly said "he believed older people were just useless individuals." (Exhibit B, ¶ 13.) However, Plaintiff chose not to reference this alleged statement in his harassment cause of action, and it is patently insufficient to support a claim. Under FEHA, a successful harassment claim based on a hostile work environment "must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and

create a work environment that qualifies as hostile or abusive to employees." *Miller v. Department of Corrections*, 36 Cal. 4th 446, 462 (2005). "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998). "[A]cts of harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or generalized nature." *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 610 (1989).

19. Further, severity and pervasiveness is evaluated in light of the totality of the circumstances: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Hope v. California Youth Authority*, 134 Cal. App. 4th 577, 588 (2005) (internal quotations and citation omitted).

20. The single alleged statement that "older people were just useless individuals" is isolated and trivial. Even if the alleged misstatement of company policy regarding advance notice for time off work is also considered, these two incidents together are sporadic and certainly not severe or pervasive. Plaintiff does not even attempt to allege that the comments were severe, pervasive, or altered the conditions of his employment, nor that Mr. Spacone engaged in conduct that was frequent, physically threatening or humiliating. He simply cannot do so. Indeed, the short period of Mr. Spacone's employment during the relevant period (from August 26, 2019 to November 2, 2019) demonstrates he could not have engaged in conduct pervasive and ongoing enough to support a claim.

21. In a strikingly similar case, the court in *Wexler v. Jensen Pharmaceuticals, Inc.*, No. CV-1503518-ABA-JWX, 2015 WL 6159101, at *6 (C.D. Cal. Oct. 20, 2015) found the individual plaintiff fraudulently joined when several of his alleged actions were personnel management conduct (including redistributing

plaintiff's work, issuing a corrective action plan, and critiquing plaintiff's performance through regular calls and ride-alongs), *and* he allegedly made a comment about older workers being harder to train. The Court concluded this was not an "epithet, derogatory comment, or slur," and that all the defendant's actions taken together were "neither severe nor pervasive, such that they arguably altered the conditions of Plaintiff's employment." *Id.*

22. Courts in this district repeatedly have concluded that individual defendants were fraudulently joined when the only allegations against them consisted of isolated offensive utterances. *See Lurie*, 2016 WL 1408056, at *3 (finding individual plaintiffs fraudulently joined when Complaint alleged "isolated and sporadic" conduct, Plaintiff failed to allege acts were severe and pervasive, and "the Complaint lacks facts of how the acts interfered with Plaintiff's work performance, or whether the acts were physically threatening or humiliating"); *Tipton v. Airport Terminal Services, Inc*., No. 2:18-CV-09503-AB-JEM, 2019 WL 185687, at *6–7 (C.D. Cal. Jan. 14, 2019) (finding individual defendant fraudulently joined when allegations that she contacted Plaintiff while on leave and asked non-job related questions related to managerial activity and were not sufficiently severe or pervasive to alter conditions of work environment). Under these circumstances, the courts did "not believe Plaintiff can amend his Complaint to allege facts that rise to the level of severity and pervasiveness required to state a claim for harassment," and thus concluded the individual defendants were fraudulently joined. *See Lurie*, 2016 WL 1408056, at *3.

23. Similarly, here, Plaintiff has not – and cannot – state a claim for harassment against Mr. Spacone, and the failure is "obvious" according to the settled rule of the state. Notably, Plaintiff has not yet even served Mr. Spacone with the Summons and Complaint, strongly suggesting that Plaintiff does not intend to seriously pursue his claim against Mr. Spacone and reinforcing the conclusion that he cannot state a claim against Mr. Spacone.

24. Thus, Mr. Spacone is a fraudulently joined sham defendant, and his presence in the lawsuit should be disregarded for the purposes of assessing whether diversity jurisdiction exists under 28 U.S.C. §1441(b).

**III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.[2]**

25. The Complaint does not demand a specific dollar amount, but seeks general damages, compensatory damages, punitive damages, liquidated damages, statutory penalties, interest, and the costs of suit and attorneys' fees, all stemming from each cause of action in the Complaint. (Exhibit B, p. 13 "Prayer for Relief".) "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005). When a complaint filed in state court does not demand a dollar amount, a removing party need only show it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp*. 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v. Roadlink USA Pacific, LLC*, No. SACV 11-0445 DOC, 2011 WL 2261273, at *2 (C.D. Cal. June 7, 2011). Plaintiff's Complaint seeks an amount well in excess of $75,000.

26. First, Plaintiff's Complaint seeks "lost employment earnings and benefits, past and future, according to proof." (Exhibit B, ¶¶ 46, 52.) Plaintiff alleges his employment was wrongfully terminated. (Exhibit B, ¶¶ 50-55.) The last day of Plaintiff's employment with CBS was May 1, 2020. (Grant Decl., ¶ 5.) At the time of Plaintiff's termination, he was earning approximately $59.29 per hour as a full-time, non-exempt employee. (Grant Decl., ¶ 6.) Thus, Plaintiff seeks at least $66,404 in lost salary alone (not including lost benefits or future lost wages), as that is the amount he

[2] A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only where the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

allegedly would have earned had he worked 40 hours per week from the date his employment was terminated to the date of this removal (approximately 28 weeks).[3]

27. Plaintiff also seeks damages for former and ongoing emotional and mental distress. The "vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial." *Richmond v. Allstate Insurance Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

28. Finally, Plaintiff seeks attorneys' fees and punitive damages, which are potentially recoverable under the FEHA. Cal. Govt. Code § 12940. Attorneys' fees and punitive damages may be included in the amount in controversy if allowed by law. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001) (the amount in controversy may include punitive damages when recoverable as a matter of law); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute).

29. Taken together, the amount in controversy "more likely than not" well exceeds $75,000. And indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of damages satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g.*, *Jones v. CLP Resources, Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010). Accordingly, the amount in controversy requirement is satisfied.

---

[3] $59.29 per hour multiplied by 40 hours per week multiplied by 28 weeks equals $66,404.80.

## IV. THE OTHER REQUIREMENTS FOR REMOVAL ARE MET.

30. This Notice of Removal is being filed within thirty (30) days after service on CBS of the initial pleading setting forth the claims for relief upon which Plaintiff's action against CBS is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

31. The only defendant who has been properly served has removed the action. Therefore, this Notice is proper under 28 U.S.C. § 1446(b)(2)(A).

32. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

33. Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within the Central District of California, Western Division. Therefore, this Court is the "district and division within which [the removed] action is pending." 28 U.S.C. § 1446(a).

34. Pursuant to 28 U.S.C. § 1446(a), and to the best of CBS's knowledge, **Exhibits A-C** constitute all the process, pleadings, and orders served in this action at the time of this removal.

35. Counsel for CBS certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of same to counsel for Plaintiff.

Dated: November 12. 2020

**WILSON TURNER KOSMO LLP**

By: /s/*Katherine M. McCray*
ROBIN A. WOFFORD
KATHERINE M. MCCRAY
JORDAN R. TURNER
Attorneys for Defendant
CBS BROADCASTING INC.