| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 20-10370-JFW(JPRx)** | Date:  December 22, 2020 |
| Title: | David Walker -v- CBS Broadcasting Inc., et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFF DAVID WALKER'S MOTION TO REMAND  [filed 11/30/2020; Docket No. 24];**

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT CBS BROADCASTING INC.'S MOTION TO DISMISS [filed 11/30/2020; Docket No. 25]**

On November 30, 2020, Plaintiff David Walker ("Plaintiff") filed a Motion to Remand.  On On December 7, 2020, Defendants CBS Broadcasting Inc. ("CBS") and Mitchell Spacone (collectively, "Defendants") filed their Opposition.  On December 14, 2020, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for December 28, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

According to Plaintiff's Complaint, on or about August 20, 2012, Plaintiff was hired to work for CBS as a non-staff/temporary/freelance maintenance technician.  Complaint ¶ 4.  He was later promoted to a full-time staff position as a Technician Supervisor, the position he held until the time of his termination. *Id.*

Plaintiff alleges that, on or about May 23, 2018, he was involved in a serious car accident that resulted in personal injuries and a back surgery.  *Id.* ¶ 11.  According to Plaintiff, in August of 2019, he submitted a request to his former supervisor— Defendant Mitchell Spacone ("Mr. Spacone")— for a longer lunch to allow him to attend a medical appointment.  *Id.* ¶ 12.  Plaintiff claims that Mr. Spacone denied the request, falsely accused Plaintiff of taking advantage of the

flexibility available to team members, and falsely stated that CBS had a policy that required Plaintiff to provide two weeks notice for any changes or modifications to his schedule for doctor's appointments. *Id.*

Plaintiff alleges that Mr. Spacone was "hostile" to Plaintiff, and that shortly after Plaintiff requested time off for a medical appointment, he was written up as a pretext and in retaliation for the request. *Id.* ¶ 13. He further alleges that Mr. Spacone made "ageist" comments to Plaintiff, including that Mr. Spacone believed that "older people were just useless individuals." *Id.* Ultimately, Plaintiff had back surgery which required a medical leave of absence from March 4, 2020 through April 12, 2020. *Id.* ¶ 14. Plaintiff alleges that, on April 29, 2020, approximately two weeks after his return from medical leave, he was terminated. *Id.* He was allegedly the oldest employee in his department.

On October 8, 2020, Plaintiff filed a Complaint in Los Angeles County Superior Court against Defendants, alleging the following claims for relief: (1) Disability Discrimination in Violation of Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a); (2) Disability Discrimination in Violation of FEHA – Failure to Provide Reasonable Accommodation, California Government Code § 12940(m); (3) Disability Discrimination in Violation of FEHA – Failure to Engage in the Interactive Process, California Government Code §12940(n); (4) Age Discrimination in Violation of FEHA, California Government Code § 12940(a); (5) California Family Rights Act Violation, California Government Code § 12945.2; (6) Retaliation Based on Government Code §§ 12940(h) and 12945(l); (7) Wrongful Termination in Violation of Public Policy; (8) Failure to Prevent Discrimination and Retaliation in Violation of Government Code § 12940(k); and (9) Disability and Age Harassment in Violation of FEHA, California Government Code § 12940(j)(1). The ninth claim for relief for harassment in violation of FEHA is the only claim alleged against Mr. Spacone.

On November 12, 2020, Defendant CBS filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and, in relevant part, that Defendant Mitchell Spacone was fraudulently joined. Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing that this Court lacks diversity jurisdiction because: (1) both he and Defendant Mitchell Spacone are citizens of California; and (2) Defendant Mitchell Spacone was not fraudulently joined.

II.     **LEGAL STANDARD**

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**III.     DISCUSSION**

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

It is undisputed that both Plaintiff and Defendant Mitchell Spacone are citizens of California.  Defendants, however, argue that Mr. Spacone has been fraudulently joined, and, thus, that his presence in this action should be ignored.  "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant.  *See Plute*, 141 F. Supp. 2d at 1008.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*

The Court concludes that Defendants have not carried their burden of demonstrating fraudulent joinder.  Defendants contend, in relevant part, that Mr. Spacone has been fraudulently joined because: (1) Mr. Spacone's alleged conduct in furtherance of his managerial role did not communicate a sufficiently hostile message such that it constituted harassment; and (2) Mr. Spacone's alleged conduct was not sufficiently severe or pervasive. Defendants' arguments do not suffice to support removal on the basis of fraudulent joinder.

Unlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)." *Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015).  And, as Defendant concedes, personnel management conduct *may* constitute harassment if it has the "secondary effect of communicating

a hostile message." *Roby v. McKesson Corp.*, 47 Cal. 4th 687, 708-09 (2009). Such a secondary effect may exist when the official employment actions establish "a widespread pattern of bias." *Id.* Plaintiff alleges that Mr. Spacone took several official employment actions as well as made ageist comments, including that "older people were just useless individuals," that communicated a hostile message. While the allegations are not extensive, the Court cannot conclude that Plaintiff has no possibility of stating or prevailing on a harassment claim against Mr. Spacone.

As the court stated in *Stanbrough v. Georgia-Pacific Gypsum LLC*, 2009 WL 137036 (C.D. Cal. Jan. 20, 2009):

> But even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement [of pervasive harassment] as to [the supervisor], Defendants have failed to demonstrate fraudulent joinder. . . . Defendants must demonstrate that Plaintiffs could not possibly state a claim against [the supervisor] in state court. Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against [the supervisor] under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Id.* at *2. Indeed, even if Plaintiff's complaint does not currently allege sufficient facts to plead a viable harassment claim against Mr. Spacone, Defendants have failed to show that Plaintiff will be unable to amend his complaint to add additional allegations of harassment (including additional ageist comments). *See Ontiveros v. Michaels Stores, Inc.*, 2013 WL 815975, at *6 (C.D. Cal. Mar. 5, 2013) (finding no fraudulent joinder based on similar allegations and arguments); *Suarez v. American Airlines, Inc.*, 2009 WL 1657444, at *4 (C.D. Cal. Jun. 10, 2009) ("American may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against Rendon; however American has not show that there is 'absolutely no possibility' that plaintiff can establish a cause of action against Rendon in state court."). "Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for a state court demurrer." *Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011).

Accordingly, the Court concludes that Mr. Spacone was not fraudulently joined. Thus, this Court lacks diversity jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is **REMANDED** to Los Angeles County Superior Court. CBS's Motion to Dismiss is **DENIED without prejudice** to re-filing in state court.

IT IS SO ORDERED.